**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4543**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

EVANS RAY, JR., a/k/a Charlie, a/k/a Chucky, a/k/a Charles
Evans Ray, Jr.,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge.  (8:04-cr-00559-AW)

Submitted:  February 2, 2010        Decided:  February 26, 2010

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. James Roos, THE LAW OFFICES OF J. JAMES ROOS, III, Towson,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Robert K. Hur, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evans Ray, Jr. appeals his conviction and life sentence for distribution of 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006).[*] Ray's counseled appellate brief raises the following claims: (1) the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal; (2) the district court erred when it rejected one of his proposed jury instructions; and (3) the district court erroneously believed that it lacked the ability to impose a sentence of less than life imprisonment, and thus erred when it sentenced him to life in prison. We find no error and therefore affirm.

We turn first to Ray's claim that the district court should have granted his Rule 29 motion for judgment of acquittal. We review a district court's denial of a Rule 29 motion for judgment of acquittal under a de novo standard. United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007). A guilty verdict must stand "if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." United States v. Alerre, 430 F.3d 681, 693 (4th Cir.

---

[*] Ray was also convicted of possession of ammunition and firearms by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006), and sentenced to 120 months imprisonment for that crime. On appeal, he does not challenge that conviction or sentence.

2005).  "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Id.

Ray first contends that the district court should have granted his Rule 29 motion because Ray demonstrated entrapment as a matter of law.  The defense of entrapment has two elements:  "(1) government inducement of the crime and (2) the defendant's lack of predisposition to engage in the criminal conduct."  United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006).  The defense uses a burden-shifting scheme, where the defendant bears the initial burden of presenting evidence that the government induced him to commit the crime.  Once the defendant has done so, the burden shifts to the government to establish the defendant's predisposition beyond a reasonable doubt.  United States v. Jones, 976 F.2d 176, 179 (4th Cir. 1992).  Even if the government did induce a defendant to commit a crime, the defense of entrapment fails if the government can prove predisposition.  United States v. Squillacote, 221 F.3d 542, 569 (4th Cir. 2000).

Ray argues that the government entrapped him through its use of a cooperating witness, Timothy Patterson.  Ray claims that at the time of his arrest he was not involved in the drug trade, and that Patterson convinced him to sell drugs by appealing to their friendship and recalling how Patterson had

3

comforted Ray when Ray's sister died.  Even assuming, as Ray claims, that Patterson's appeals induced him to commit the drug sale, we believe that the district court properly denied Ray's Rule 29 motion because the Government introduced substantial evidence that Ray was predisposed to traffic in narcotics.

For example, Patterson testified that Ray offered to sell him cocaine in 2001 or 2002 – prior to Patterson's cooperation with the Government.  Recordings of Patterson's conversations with Ray indicate that Ray sold cocaine to other customers, had multiple sources for the drug, and was familiar with the code words, slang, practice and prices of the drug trade.  See United States v. Tom, 330 F.3d 83, 90 (1st Cir. 2003) ("[E]vidence of predisposition may be inferred from conversations in which a defendant displays knowledge or experience in the criminal activity under investigation."); United States v. Hernandez, 31 F.3d 354, 360 (6th Cir. 1994) (noting that a defendant "appeared to know a great deal about cocaine trafficking").  Moreover, at the time of his arrest Ray was in possession of several tools of the drug trade – firearms and a digital scale bearing cocaine residue.  See United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999) ("Guns are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia.").  Coupled with Ray's prior convictions for drug trafficking, this evidence was sufficient to permit a reasonable

4

jury to conclude beyond a reasonable doubt that Ray was predisposed to distribute crack cocaine. Thus, the district court properly denied Ray's Rule 29 motion for acquittal.

Next, we consider Ray's claim that the district court erred by refusing to give a jury instruction clarifying to the jury that the prior convictions of a defendant raising an entrapment defense are not conclusive of the defendant's predisposition. "[T]he decision of whether to give a jury instruction and the content of an instruction are reviewed for an abuse of discretion." United States v. Ellis, 121 F.3d 908, 923 (4th Cir. 1997). "To determine whether the district court's failure to give the requested charge is reversible error, we must determine whether the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Squillacote, 221 F.3d 542, 564-65 (4th Cir. 2000) (citations and internal quotation marks omitted).

We find that the district court's refusal to give Ray's requested instruction did not seriously impair Ray's ability to conduct his defense. As noted above, the Government presented a considerable amount of evidence, apart from Ray's prior convictions, from which a jury could conclude that Ray was

5

predisposed to deal in crack cocaine. Given this evidence, it is difficult to see how Ray was prejudiced by the district court's refusal to adopt Ray's proposed instruction. "[E]ven where use or denial of a jury instruction is in error, reversal is warranted only when the error is prejudicial based on a review of the record as a whole." See Ellis, 121 F.3d at 923.

Finally, Ray claims that the district court mistakenly believed that it lacked the authority to impose a sentence of less than life imprisonment. In particular, Ray argues that his career offender status under the Sentencing Guidelines "clearly overstates the seriousness of [his] criminal history," and he points out that the district court agreed with this assessment. Ray's argument is meritless, however, because the career-offender enhancement under § 4B1.1 of the Sentencing Guidelines did not play a role in his sentence. Rather, Ray faced a statutory mandatory minimum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). As we have explained, "[e]xcept upon motion of the Government on the basis of substantial assistance, a district court still may not depart below a statutory minimum." United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). The district court thus did not err in imposing Ray's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the issues are adequately

6

presented before the court and argument would not aid the decisional process.

AFFIRMED